UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALTA M. COERVER                                              CIVIL ACTION

VERSUS                                                       NO. 07-2972

ALLSTATE INSURANCE                                           SECTION: "C" (5)
COMPANY

## ORDER AND REASONS

The Court previously ordered the defendant, Allstate Insurance Company ("Allstate") to show cause in writing why the above captioned matter should not be remanded to state court for lack of subject matter jurisdiction (Rec. Doc. 8).[1] Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. *See* 28 U.S.C. § 1441 (2006). In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. *See De*

---

[1] This suit was originally filed in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana. Allstate removed the action to this Court and it was randomly allotted to Judge Engelhardt Section, "K." Judge Engelhardt ordered that the case be severed and the plaintiffs file amended complaints. When Alta M. Coerver filed her amended complaint, it was randomly allotted to this section.

*Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995). To do so, the removing party must show that federal jurisdiction appears on the face of the complaint. *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). Here, Allstate Insurance Company ("Allstate") alleges five alternatives for federal jurisdiction, namely, 42 U.S.C. § 4072 and 28 U.S.C. §§ 1331, 1332, 1337 and 1442(a)(1).

Congress established the National Flood Insurance Program ("NFIP") by enacting the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et. seq*. Under the NFIP, the director of the Federal Emergency Management Agency ("FEMA"), can use private insurance companies, i.e. Write-Your-Own ("WYO") companies, to aid in the administration of the program. The public can purchase insurance policies either directly from FEMA or from the WYO companies. 42 U.S.C. § 4071-72 (2006). Section 4072 also provides that the federal court has original and exclusive jurisdiction for claims arising under the NFIP. It is clear that the Federal District Courts have exclusive subject matter jurisdiction in cases arising out of claims under insurance policies issued pursuant to the NFIP. *Powers v. Autin-Gettys-Cohen Ins. Agency, Inc., et. al.*, 2000 WL 1593401, *2 (E.D.La. 2000); *Corliss v. South Carolina Ins. Co.*, 2004 WL 2988497, *2 (E.D.La. 2004).

Here, the plaintiff, Alta M. Coerver ("Coerver") is suing Allstate. Allstate is a WYO company, which issued a flood insurance policy to Coerver over a decade ago. *See* Rec. Doc. 1. She alleges that she was unable to contact her insurance agent, Kenneth C. Gibbs, to renew her policy before Hurricane Katrina and that her property sustained flood damage during the storm. She also claims that on September 19, 2005, she paid the flood insurance premium, which premium was received and accepted by Allstate. According to Coerver, this payment renewed her flood insurance policy so that it would have been in effect at the time of the loss caused by Hurricane Katrina. Finally, Coerver claims that on January 6, 2006, Allstate returned her premium and stated that the policy had been expired for more than ninety (90) days. Allstate's alleged failure to properly renew the insurance policy arises out of Allstate's alleged federal duties to properly administer flood insurance policies issued pursuant to the NFIP. Accordingly, this Court has original jurisdiction over this action pursuant to 42 U.S.C. § 4072.

Furthermore, this Court has jurisdiction under 28 U.S.C. § 1331. Coerver alleges that Allstate improperly cancelled her flood insurance policy after she paid the premium. This claim concerns flood policy administration. Determining the proper administration of a NFIP insurance policy requires the application of federal law, i.e. it

3

is a federal question. This Court has an interest in upholding a nationally uniform policy concerning the administration of NFIP insurance policies.

Also, this Court has jurisdiction over any state law causes of action brought in this suit by the plaintiff against Allstate, because all claims in this suit arise from the administration of the insurance policies after Hurricane Katrina. As a result, they are all part of the "same case or controversy." 28 U.S.C. § 1367 (2006).

Finally, because Allstate properly removed this case on the bases of original jurisdiction and federal question jurisdiction, there is no need to consider Allstate's jurisdictional claims under 28 U.S.C. §§ 1337 and 1442(a)(1).

Accordingly,

IT IS ORDERED that the Court is satisfied that it has jurisdiction to hear this case.

New Orleans, Louisiana this 10th day of July, 2007.

                                            HELEN G. BERRIGAN
                                            UNITED STATES DISTRICT COURT